UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE MORALES, )　　　　　　　　　　　　*Plaintiff*, ) ) | ) ) ) | 3:22-cv-01179 (KAD) |
| v. | ) ) | |
| CONNECTICUT DEPARTMENT OF CORRECTIONS et al., 　　　　　　　　　　　　*Defendants*. | ) ) ) | NOVEMBER 2, 2022 |

## INITIAL REVIEW ORDER

Plaintiff Jose Morales, who is currently incarcerated at Osborn Correctional Institution ("Osborn") within the custody of the Connecticut Department of Correction ("DOC"),[1] filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against the DOC, the Waterbury Police Department, Correction Officers John and Jane Doe, Correction Nurses John and Jane Doe, and Waterbury Police Officers John and Jane Doe. Compl. 2–3, ECF No. 1. He seeks damages for harms he suffered due to Defendants' alleged indifference to his medical needs during his arrest and detention.[2] *See id.* at 6. For the following reasons, Plaintiff's Complaint is DISMISSED without prejudice.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and dismiss any portion of a complaint that "is frivolous, malicious, or fails

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Information regarding Plaintiff's confinement status can be found on the Department of Correction website under Inmate Search using his CT Inmate Number, 305374. *See Inmate Information*, CT Dep't of Corr., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=305374 (last visited Oct. 31, 2022).

[2] As Morales has not specified whether he asserts claims against Defendants in their individual or official capacities, the Court construes his Complaint to assert only individual-capacity claims for damages. If Morales had asserted claims for monetary damages against Defendants, who are state employees, in their official capacities, such claims would be barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

1

to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

**FACTUAL ALLEGATIONS**

On April 28, 2022, Morales broke his leg forty-five minutes prior to being arrested by the Waterbury Police Department. Compl. ¶ 1. While he was within the custody of the Waterbury Police Department, Morales repeatedly made complaints and requests for medical attention for his broken leg to "several Waterbury Police Officers," but he was not taken to the hospital. *Id.* ¶ 2.

On April 29, 2022, Morales was transferred to the New Haven Correctional Center, where he received no medical attention despite his complaints that he was in pain. *Id.* ¶ 3. Sometime later, when he was confined at the Carl Robinson Correctional Center, he expressed that he had pain in

his left leg and wrote several requests for medical attention. *Id.* ¶ 4. These requests were all ignored. *Id.*

Nearly two months after he broke his leg, on June 17, 2022, Morales received medical attention while he was confined at Osborn. *Id.* ¶ 5. An x-ray confirmed that his leg was broken and already healing. *Id.* ¶ 6. Medical staff provided him with pain medication and a boot for his broken leg. *Id.* He was also placed in the Osborn medical unit where he is still housed. *Id.* ¶ 7. At present, he is suffering from great pain in his left leg and he walks with a limp. *Id.* ¶ 8.

**DISCUSSION**

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Further, a plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)).

Morales's complaint alleges that he was denied treatment for his broken leg for a period of

more than two months. The Court construes the complaint to allege a claim of deliberate indifference to his medical needs. Accordingly, the Court reviews the complaint to determine whether Morales has alleged facts, which, if proven, establish an actionable deliberate indifference claim against each of the defendants under section 1983.

Claims Against the DOC and Waterbury Police Department

As an initial matter, the Court must dismiss any section 1983 claim against the DOC because the state, a state agency, or a division of a state agency is not a "person" subject to suit under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Likewise, Morales cannot proceed against the Waterbury Police Department because a municipal police department is not an independent legal entity and, therefore, is not subject to suit under section 1983. *See Rose v. City of Waterbury*, No. 3:12cv291 (VLB), 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (noting that Connecticut statutes "contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued . . . Rather, . . . it is the municipality itself which possesses the capacity to sue and be sued" (quotation omitted)); *see also Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (holding that a municipal police department is not a municipality or a person subject to suit under section 1983) (citing cases). Accordingly, any claims brought under 42 U.S.C. § 1983 against the DOC and the Waterbury Police Department are DISMISSED with prejudice.

Claims against the Individual Doe Defendants

Morales also names numerous unidentified Jane and John Does from the DOC and Waterbury Police Department as defendants: Correction Officers John and Jane Doe, Correction Nurses John and Jane Doe, and Waterbury Police Officers John and Jane Doe. The Court construes

Morales's complaint as asserting claims of deliberate indifference to his medical needs against each of these unidentified Doe defendants.

Morales's status as either a convicted prisoner or a pretrial detainee dictates whether his deliberate indifference claim is analyzed under the Eighth or Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29–35, 33 n.9 (2d Cir. 2017). Claims alleging deliberate indifference to medical needs are analyzed under the Due Process Clause of the Fourteenth Amendment when brought by pretrial and pre-arraignment detainees, *see id.* at 29; *Shakir v. Stankye*, 805 Fed. App'x 35, 40 (2d Cir. 2020) (summary order), but are analyzed under the cruel and unusual punishment clause of the Eighth Amendment when brought by a sentenced prisoner, *see Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d Cir. 2019).

Here, Morales's allegations derive from events that occurred during his arrest on April 28, 2022 and his subsequent confinement from the date of his arrest through June of 2022. The charges for which he was arrested in April 2022 remain pending and, although bond was set on those charges, it was not posted.[3] Therefore, to the extent Morales was being held in custody on those charges from April to June 2022, he was a pretrial detainee for purposes of his deliberate indifference claims. However, the DOC website indicates that Morales is a sentenced prisoner on unrelated charges and that he is serving a two-year sentence on those charges.[4] Thus, to the extent that Morales was incarcerated from April to June 2022 on those unrelated charges for which he had been sentenced, he was a sentenced prisoner for purposes of his deliberate indifference claim.

---

[3] *See* Case Detail for U04W-CR22-0499564-S, CT Jud. Branch, https://www.jud2.ct.gov/crdockets/ (search for Last Name: "Morales" and First Initial: "J"; select docket number U04W-CR22-0499564-S) (last visited Oct. 31, 2022) (showing that Morales was arrested by the Waterbury Police Department on April 28, 2022, that the case is awaiting a plea, and that Morales was not released from custody).
[4] *See Inmate Information*, CT Dep't of Corr., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=305374 (last visited Oct. 31, 2022).

Given the ambiguity of Morales's confinement status, the Court applies the more lenient Fourteenth Amendment standard for purposes of this initial review.[5]

To set forth a due process claim under the Fourteenth Amendment for deliberate indifference to health and safety, a plaintiff-detainee must allege facts to satisfy two prongs: (1) an "objective prong" showing that the detainee's medical condition posed an unreasonable risk of serious harm to the detainee, and (2) a "*mens rea* prong" showing that the defendants' conduct amounted to deliberate indifference to that objectively serious risk of harm. *See Darnell*, 849 F.3d at 29; *Charles*, 925 F.3d at 86.

Under the objective prong, a detainee must allege a "serious medical need" that constitutes "a condition of urgency[,] such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. A district court evaluates a detainee's medical need in the context of contemporary standards of decency, considering, *inter alia*, "whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Id.*

Relevant to the *mens rea* prong, "deliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind." *Id.* (citing *Darnell*, 849 F.3d at 33–34). To satisfy the *mens rea* prong, a detainee "can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the

---

[5] As set forth above, the Court concludes that, even under this more lenient standard, Morales's current complaint is insufficient. However, if Morales files a satisfactory amended complaint and Defendants appear, Defendants may advance arguments in future briefing regarding Morales's confinement status and the standard under which his claims should be evaluated.

defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* at 87 (emphasis in original). A detainee must, however, allege more than mere negligence, as "negligence . . . does not, without more, engender a constitutional claim." *Sanders v. Laplante*, No. 3:19-CV-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019) (quotation omitted); *see also Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

The Court assumes for initial pleading purposes that Morales has satisfied the objective prong because he had a sufficiently serious medical need: treatment for his broken leg. However, Morales's allegations are insufficient to satisfy the *mens rea* prong because he has failed to allege that any of the Doe defendants individually either knew or should have known that he required medical attention. *See Shelton v. Payne*, No. 3:21cv637 (KAD), 2021 WL 3190398, at *5 (D. Conn. July 28, 2021) (finding that the plaintiff failed to satisfy the *mens rea* prong where he failed to indicate which of the named defendants was responsible for placing him in unsafe conditions and failed to allege that any of the defendants knew of or should have known of the threat to his safety); *see also Darby v. Greenman*, 14 F.4th 124, 129–31 (2d Cir. 2021) (holding that the plaintiff "fail[ed] to state a claim against the Doe Defendants because he d[id] not allege any 'personal involvement . . . in [the] alleged constitutional deprivations'" (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

At present, Morales has not alleged any specific conduct by any particular Doe defendant that would indicate any defendant's personal involvement in the asserted indifference to Morales's need for medical attention for his broken leg. Morales alleges generally that he did not receive treatment for his broken leg for more than two months and that he made complaints and requests for treatment that went unanswered while he was held in custody at various facilities. However,

he does not identify when he submitted the requests, to whom he submitted them, or any facts tending to show that any of the defendants actually received his requests or heard his complaints. *Cf. Darby*, 14 F.4th at 129–131 (holding that the plaintiff failed to allege that the unnamed Doe defendants acted with deliberate indifference because the plaintiff merely alleged that the defendants ignored his sick call requests and grievances but did not specify when he submitted his requests, to whom he submitted them, or what information they conveyed). Morales must allege specific facts describing how each defendant from whom he seeks damages acted with indifference to his need for medical attention. *See Tangreti v. Bachman*, 983 F.3d 609, 619–20 (2d Cir. 2020). At present, his complaint fails to do so.

In addition, the only individual defendants named in this action are unidentified John or Jane Does. Even if Morales had alleged plausible Fourteenth Amendment claims against the Doe defendants, the Court could not have effected service on the unidentified defendants. If Morales files an amended complaint, he must identify at least one of the Doe defendants if the case is to proceed.

**ORDER**

For the foregoing reasons, Plaintiff's complaint, ECF No. 1, is DISMISSED **without prejudice**. On or before December 2, 2022, Plaintiff may file an amended complaint. The amended complaint must specify the personal involvement of each named defendant in any constitutional violations alleged. It must also identify at least one Doe defendant by name. Plaintiff is further advised that he must list all defendants in the case caption. If no amended complaint is filed by December 2, 2022, the Clerk of the Court is directed to close this file on December 3, 2022.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of November 2022.

                                           */s/ Kari A. Dooley*
                                           KARI A. DOOLEY
                                           UNITED STATES DISTRICT JUDGE